UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOSEPH JORDAN,

                    Plaintiff,                          Case No. 2:23-cv-109

v.                                                      Honorable Jane M. Beckering

TIMOTHY RIFE et al.,

                    Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The case was previously referred to the Prisoner Civil Rights Litigation Early Mediation Program but did not settle. (ECF Nos. 5, 11.) The case is now before the Court for initial screening.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss, for failure to state a claim, Plaintiff's claims against Defendants Sabin, Naeyaert, Hoover, Loman, and Knaus. The Court will also dismiss, for failure to state a claim, the following claims against Defendant Rife: (1) Plaintiff's claims for declaratory and injunctive relief; and (2) Plaintiff's Eighth Amendment failure to protect claim for damages against

Defendant Rife premised upon the second assault by the other inmate that occurred on August 20, 2022. The following claim remains in the case: Plaintiff's Eighth Amendment failure to protect claim for damages against Defendant Rife premised upon the first assault by the other inmate that occurred on August 20, 2022.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events of which Plaintiff complains, however, occurred during his incarceration at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. Plaintiff sues Assistant Deputy Warden/Acting Resident Unit Manager J. Naeyaert, Resident Unit Manager E. Hoover, Prison Counselors C. Loman and Unknown Knaus, and Corrections Officers Timothy Rife and Autumn Sabin.

Plaintiff alleges that during his incarceration at LMF, he told Defendants Naeyaert, Loman, Hoover, and Knaus that he had enemies in general population. (ECF No. 1, PageID.3.) Despite Plaintiff's concerns, he was sent to general population. (*Id.*) On June 20, 2022, Plaintiff was stabbed and assaulted. (*Id.*) Plaintiff alleges that after the assault, he was sent to segregation, where he sent many kites asking to be moved. (*Id.*) Plaintiff's family also called staff at LMF several times, asking for Plaintiff to be transferred. (*Id.*)

On August 20, 2022, Plaintiff was moved back to the same cell he had been in when the assault occurred. (*Id.*) Plaintiff let "them" know he would be in danger. (*Id.*) Around breakfast time, another inmate ran into Plaintiff's cell and tried to kill him. (*Id.*) Plaintiff alleges that he "fought for almost a[n] hour it seemed for [his] life." (*Id.*) According to Plaintiff, Defendant Rife locked the other inmate in Plaintiff's cell despite knowing what was happening. (*Id.*) Plaintiff

alleges that "they" hit the panic button to alert all staff that there was a fight in the unit, but then "called it off." (*Id.*)

Plaintiff alleges that after Defendant Rife let the other inmate into Plaintiff's cell, the cell was locked for about 45 minutes. (*Id.*, PageID.4.) According to Plaintiff, officers do rounds every 30 minutes and are supposed to look into each cell, but this never occurred. (*Id.*) Plaintiff tried to talk the other inmate out of stabbing Plaintiff. (*Id.*) The other inmate told Plaintiff, "He said you f***ed up" because officers had told the inmate he would not be prosecuted if Plaintiff died. (*Id.*) Plaintiff and the other inmate "fought and struggled for the knife." (*Id.*) After 45 minutes had passed, a friend of the other inmate, who was waiting, gave Defendant Rife "a signal to let the stabber out, and the door immediately opened." (*Id.*) Defendant Rife let the other inmate out of Plaintiff's cell only to allow the inmate to return to his own cell. (*Id.*, PageID.3.) Plaintiff claims he was left in his cell "to die." (*Id.*)

Defendant Sabin then called Plaintiff out of his cell and told him that she knew what was going on, but that "this time [Plaintiff] should let it go." (*Id.*) Plaintiff told Defendant Sabin that he would "write this up and walked out." (*Id.*) Later that day, Plaintiff's cell opened for lunch, and he saw that the same inmate who had attacked him earlier that day was waiting for him. (*Id.*) The other inmate told Plaintiff, "I have to finish the job," and they started fighting. (*Id.*)

Based on the foregoing, the Court construes Plaintiff to be asserting Eighth Amendment failure to protect claims against all Defendants. He seeks declaratory and injunctive relief, as well as compensatory, punitive, and nominal damages. (*Id.*, PageID.5.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

3

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The Court has construed Plaintiff's complaint to assert Eighth Amendment failure to protect claims against all Defendants.

### A.    Claims for Declaratory and Injunctive Relief

As noted above, Plaintiff seeks declaratory and injunctive relief, as well as damages, against all Defendants. (ECF No. 1, PageID.5.) Plaintiff, however, is no longer incarcerated at LMF, where he alleges that the events occurred and where Defendants are employed. The United States Court of Appeals for the Sixth Circuit has held that transfer to another correctional facility renders moot a prisoner's claims for declaratory and injunctive relief against defendants in both their official and personal capacities. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). For that reason alone, Plaintiff's claims for declaratory and injunctive relief are subject to dismissal.

### B.    Claims for Damages

With respect to Plaintiff's claims for damages, to establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer*, 511 U.S. at 833. Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27

(1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (ellipses in original) (citations omitted). To establish a violation of this right, Plaintiff must show that each Defendant was deliberately indifferent to Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

### 1.      Defendants Naeyaert, Loman, Hoover, and Knaus

Here, although Plaintiff vaguely alleges that he told Defendants Naeyaert, Loman, Hoover, and Knaus that he had enemies in general population, Plaintiff fails to allege any *facts* from which the Court could infer that these individuals were aware that the other inmate had any inclination to harm Plaintiff if Plaintiff was placed in general population. Rather, it appears that Plaintiff seeks to hold these individuals liable because of their respective supervisory positions at LMF.

Government officials, however, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899;

*Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The United States Court of Appeals for the Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any facts showing that Defendants Naeyaert, Loman, Hoover, and Knaus encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct. Because Plaintiff has failed to allege that these Defendants engaged in any active unconstitutional behavior, Plaintiff fails to state a claim against them. Accordingly, Defendants Naeyaert, Loman, Hoover, and Knaus will be dismissed.

### 2. Defendant Sabin

Plaintiff alleges that after the first assault by the other inmate on August 20, 2022, he was called to the base office by Defendant Sabin, who said, "What's going on, I know what's going on." (Compl., ECF No. 1, PageID.3.) Plaintiff told Defendant Sabin what had happened and asked to be moved; Defendant Sabin responded, "You look fine, let's not make a big deal out of this." (*Id.*) Plaintiff walked out of the office. (*Id.*) Defendant Sabin also told Plaintiff that he should let it go. (*Id.*)

Although Plaintiff vaguely alleges that Defendant Sabin knew what was going on and told Plaintiff not to "make a big deal out of this," Plaintiff's complaint is devoid of *facts* suggesting that Defendant Sabin knew that the inmate intended to attack Plaintiff and did nothing to protect Plaintiff from that attack. Moreover, Plaintiff's complaint is devoid of facts from which the Court could infer that Defendant Sabin knew that Defendant Rife had locked the other inmate in Plaintiff's cell so that the other inmate could attack Plaintiff. Furthermore, although Plaintiff alleges that he was attacked by the other inmate a second time after his talk with Defendant Sabin, Plaintiff's complaint is devoid of facts suggesting that Defendant Sabin knew that the other inmate intended to "finish the job" and attack Plaintiff a second time on August 20, 2022. Accordingly, because Plaintiff fails to allege facts suggesting that Defendant Sabin was aware of a substantial risk of serious harm and ignored that risk, his Eighth Amendment claims for damages against her will be dismissed.

### 3. Defendant Rife

Plaintiff alleges that, with respect to the first assault by the other inmate on August 20, 2022, Defendant Rife locked the other inmate in Plaintiff's cell despite knowing what was happening. (Compl., ECF No. 1, PageID.3.) Plaintiff alleges that after Defendant Rife let the other inmate into Plaintiff's cell, the cell was locked for about 45 minutes. (*Id.*, PageID.4.) According to Plaintiff, officers do rounds every 30 minutes and are supposed to look into each cell, but this never occurred. (*Id.*) Plaintiff tried to talk the other inmate out of stabbing Plaintiff. (*Id.*) The other inmate told Plaintiff, "He said you f***ed up" because officers had told the inmate he would not be prosecuted if Plaintiff died. (*Id.*) Plaintiff and the other inmate "fought and struggled for the knife." (*Id.*) After 45 minutes had passed, a friend of the other inmate, who was waiting, gave Defendant Rife "a signal to let the stabber out, and the door immediately opened." (*Id.*) Defendant Rife let the other inmate out of Plaintiff's cell only to allow the inmate to return to his own cell.

(*Id.*, PageID.3.) Plaintiff claims he was left in his cell "to die." (*Id.*) In light of these allegations, Plaintiff has set forth a plausible Eighth Amendment failure to protect claim against Defendant Rife with respect to this first assault.

Plaintiff alleges further that the other inmate attacked Plaintiff a second time on August 20, 2022, intending to "finish the job." (*Id.*, PageID.4.) Plaintiff's complaint, however, is devoid of any *facts* from which the Court could infer that Defendant Rife knew that the other inmate intended to "finish the job" and attack Plaintiff a second time. Accordingly, while Plaintiff may proceed on his Eighth Amendment claim against Defendant Rife with respect to the first assault on August 20, 2022, any Eighth Amendment claim against Defendant Rife premised upon the second assault on August 20, 2022 will be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court will dismiss, for failure to state a claim, Plaintiff's claims against Defendants Sabin, Naeyaert, Hoover, Loman, and Knaus. The Court will also dismiss, for failure to state a claim, the following claims against Defendant Rife: (1) Plaintiff's claims for declaratory and injunctive relief; and (2) Plaintiff's Eighth Amendment failure to protect claim for damages against Defendant Rife premised upon the second assault by the other inmate on August 20, 2022. The following claim remains in the case: Plaintiff's Eighth Amendment failure to protect claim for damages against Defendant Rife premised upon the first assault by the other inmate on August 20, 2022.

An order consistent with this opinion will be entered.


Dated:      May 24, 2024                              /s/ Jane M. Beckering
                                                     Jane M. Beckering
                                                     United States District Judge

9